FILED

April 21th, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:30 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **ARTHUR MOORE,** | ) | |
| **Employee,** | ) | **Docket No. 2015-06-0073** |
| | ) | |
| **v.** | ) | **State File No. 99499-2014** |
| | ) | |
| **BF NASHVILLE, d/b/a WENDY'S,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |
| | ) | |

## ORDER GRANTING MOTION TO DISMISS

The Court convened telephonically on April 19, 2016, for hearing of a Motion to Dismiss filed by the employer, BF Nashville d/b/a Wendy's, pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. For the reasons provided, the Court grants Wendy's motion and dismisses Mr. Moore's claim.

### Relevant Factual Background

Arthur Moore is a forty-seven-year-old resident of Davidson County, Tennessee. On February 23, 2015, he filed a Petition for Benefit Determination (PBD) wherein he alleged he developed Dengue Fever, or trench foot, in the course and scope of his employment for Wendy's. Mr. Moore did not have an attorney when he filed the PBD. He later hired attorney David Kittrell to represent him, and Mr. Kittrell filed a request for initial hearing.

On August 6, 2015, the Court entered an initial hearing order requiring the parties to complete lay witness depositions by October 5, 2015, to complete post-discovery mediation by October 13, 2015, and to participate in a status conference on October 14, 2015. At the status conference, the parties informed the Court they failed to complete mediation due to a "misunderstanding" of the Court's instruction. The Court scheduled another status conference for November 14, 2015, and instructed the parties to complete post-discovery mediation prior to the conference.

The parties attended mediation with a workers' compensation mediator as ordered by the Court. During the mediation, Mr. Moore severed his relationship with Mr. Kittrell. He also refused to continue the mediation without counsel. Mr. Kittrell withdrew from the case.

After the parties failed to complete mediation, the Court set the matter for another status conference on January 19, 2016. When Mr. Moore failed to attend, Wendy's moved to dismiss his claim for failure to prosecute.

While considering the motion, the Court reviewed the clerk's file and noticed the mail setting the January 19 teleconference did not reach Mr. Moore. The Court denied Wendy's motion and sent a copy of the denial order to Mr. Moore's correct address. In that order, the Court set a status conference for February 29, 2016. Due to a scheduling issue, the status conference had to be moved to April 4, 2016. When moving the status conference, the Court determined the status conference should, instead, be an initial hearing.

On March 1, 2016, the clerk sent Mr. Moore a docketing notice, which provided the time of the initial hearing teleconference, via certified mail. The return receipt from the United States Postal Service (USPS) confirmed the postal carrier delivered the docketing notice to Mr. Moore's residence on March 4, 2016. Additionally, the Court's staff attorney, Andrea Craig, spoke with Mr. Moore on March 4, 2016, about the scheduled initial hearing. Accordingly, Mr. Moore received ample notice of the hearing.

Despite this notice, Mr. Moore failed to attend the April 4, 2016 teleconference. Ms. Craig attempted to contact Mr. Moore via telephone when he failed to call the teleconference line. However, the telephone number Mr. Moore provided to the Court in his Petition for Benefit Determination was disconnected.

When Mr. Moore failed to call the teleconference line for the initial hearing, Wendy's renewed its Motion to Dismiss the claim for failure to prosecute. The Court entered an order notifying Mr. Moore that the Court would hear Wendy's Motion to Dismiss via teleconference on April 19, 2016, at 2:00 p.m. (CDT). The order also informed Mr. Moore the Court would dismiss his case if he failed to call in and participate in the hearing. The clerk sent a copy of the order to Mr. Moore via certified mail at the address he provided in his PBD, the only address the Court has for Mr. Moore. The clerk previously sent Mr. Moore documents at this same address. The USPS marked some of the documents "return to sender," and sent them back to the clerk; Mr. Moore received some of the documents. The USPS tracking notes indicate Mr. Moore was not available to sign for the letter, so the postal carrier left notice on April 12, 2016, for Mr. Moore to retrieve the order from the post office. At the time of the hearing, Mr. Moore had not retrieved the order.

The Court convened via telephone on April 19, 2016, at 2:00 p.m. (CDT) to hear Wendy's Motion to Dismiss. Mr. Moore did not call the teleconference line to participate in the hearing.

## Analysis

Wendy's moved to dismiss Mr. Moore's claim for failure to prosecute.[1] Rule 41.02(1) of the Tennessee Rules of Civil Procedure Rule provides that a party may, "for failure of the [employee] to prosecute or to comply with these rules or any order of course, the [employer] may move for dismissal of an action or of a claim against the [employer]." Tenn. R. Civ. P. Rule 41.02(1).

The Court agrees Mr. Moore has failed to take appropriate action to advance this claim. The Court ordered the parties to complete post-discovery mediation by November 14, 2015, so the case could be set for a compensation hearing. Mr. Moore appeared for the mediation but refused to participate after he severed the relationship with his attorney. Thereafter, the Court set several status conferences in an attempt to get this case back on track and set the matter for trial. Despite receiving notices of status conferences, Mr. Moore failed to appear for any of them. Additionally, he never contacted Wendy's or the clerk to explain his absence.

While it appears Mr. Moore failed to retrieve the order setting the April 19 Motion to Dismiss hearing, the clerk sent the order to his last known address. Mr. Moore simply needed to collect the order from the post office and call the teleconference line to participate in the hearing at the appropriate time. Furthermore, although Mr. Moore failed to retrieve the order prior to the hearing date, he would have, nonetheless, known the time and date of the hearing if he had attended the April 4, 2016 status conference. Mr. Moore knew the status conference date and time because the Court's staff attorney spoke with Mr. Moore prior to the status conference. Finally, if Mr. Moore moved from his previous address and no longer receives mail there, it is his responsibility to notify the Court and Wendy's of the address change in order to receive notices and orders.

Mr. Moore filed this claim and has the sole duty to prosecute it. In this Court's view, his repeated failure to attend teleconferences and motion hearings, and his refusal to participate in Court ordered mediation indicates a desire to cease prosecution of this

---

[1] Wendy's also moved to dismiss Mr. Moore's claim for failing to file a request for expedited hearing. It asserted Mr. Moore's failure to request an expedited hearing and file a supporting affidavit violated Tennessee Compilation Rule and Regulation 0800-02-21-.14 (2015). Wendy's assertion is mistaken. Tennessee Code Annotated section 50-56-239(a) (2015) only requires that a party file a request for hearing within sixty days after issuance of the Dispute Certification Notice. Because Mr. Moore filed a request for an initial hearing, he satisfied this requirement.

case.  Because Mr. Moore failed to prosecute his case and displayed no current intention to engage in this litigation, the Court dismisses his claim with prejudice.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Moore's claim against Wendy's for workers' compensation benefits is dismissed with prejudice pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure.

2. The Court assesses the $150 filing fee in this claim to Wendy's and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2015) of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation.  Wendy's or its insurance carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.**

**ENTERED ON THIS THE 21ST DAY OF APRIL, 2016.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Order to appeal the decision to the Workers' Compensation Appeals Board.  To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Workers' Compensation Judge entered the Compensation Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. See Tenn. Comp. R. & Regs. 080002-22-.02(3).

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 21st day of April2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Arthur Moore | ✓ | | | 2333 Rosa Parks Blvd., Apt. 201 Nashville, TN 37228 |
| John Barringer, Counsel for Wendy's and Gallagher Bassett | | | ✓ | jbarringer@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**